UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

AMPARO SANCHEZ and
FRANCISCO MARTY.

    Plaintiffs.                                              **CLASS ACTION**
v.                                                     **JURY DEMAND**

CARNIVAL CORPORATION; and
FATHOM TRAVEL LTD. CORPORATION.

    Defendants.

_____/

## CLASS ACTION COMPLAINT

Plaintiffs, Amparo Sanchez and Francisco Marty ("Plaintiffs"), individually and on behalf of all others similarly situated, file this Class Action Complaint against the Defendants, Carnival Corporation and Fathom Travel Ltd., Corporation for violation of Title II of the Civil Rights Act of 1964.

### INTRODUCTION

1.     Defendants, Carnival Corporation ("Carnival") and Fathom Travel Ltd., Corporation, ("Fathom") (hereinafter collectively referred to as "Defendants") are refusing to allow Cuban-born persons to board its Fathom cruise line to Cuba, the first American cruise line to cruise to Cuba in over 50 years.

2.     Cuban law currently prohibits Cuban Nationals from traveling to or from Cuba by ship, including cruise lines and ferries.

3.     Defendants have adopted Cuba's policy to disallow Cuban-born persons from traveling to Cuba by ship.

1

4. Defendants will start operating their first cruise from the port of Miami to Cuba on May 1, 2016.

5. This case presents a model situation for class treatment. Defendants' conduct – including its refusal to allow any Cuban-born on the Fathom cruise line to Cuba is uniform among all passengers. The application of Florida federal law to a shared course of conduct will determine liability for members of the putative class as a whole, ensuring that the rights of thousands of individuals are vindicated through the efficiency of a single trial.

## PARTIES, JURISDICTION & VENUE

6. During the Class Period, Plaintiff Amparo Sanchez resided in, and continues to reside in, the Southern District of Florida.

7. During the Class Period, Plaintiff Francisco Marty resided in, and continues to reside in, the Southern District of Florida. Francisco Marty is a United States Army Veteran and a frequent passenger on Carnival cruise lines. He is an actual VIP cruiser with Carnival.

8. This is an action for injunctive relief and this Court has federal question jurisdiction as this case arises under federal law – 42 U.S.C. § 2000a.

9. Defendant Carnival Corporation is a Florida Corporation with its principal place of business in the Southern District of Florida.

10. Defendant Fathom Travel Ltd., Corporation is a corporation incorporated in the United Kingdom authorized to transact business in Florida. Fathom is a cruise line company wholly owned by Carnival Corporation.

11. The Court has jurisdiction over Carnival because it is a Florida corporation with its principal place of business in the Southern District of Florida. By conducting business in the Southern District of Florida, Carnival has sufficient minimum contacts with the State of Florida,

or otherwise intentionally availed itself of the Florida consumer market through the systematic sale of its cruise line reservations to Florida citizens. This purposeful availment renders the exercise of jurisdiction by this Court over Carnival permissible under traditional notions of fair play and substantial justice.

12. This Court has jurisdiction over Fathom because it is a foreign corporation authorized to do business in the State of Florida, and is regularly and systematically engaging in business in the Southern District of Florida. By conducting business in the Southern District of Florida, Fathom has sufficient minimum contacts with the State of Florida, or otherwise intentionally availed itself of the Florida consumer market through the systematic sale of its cruise line reservations to Florida citizens. This purposeful availment renders the exercise of jurisdiction by this Court over Fathom permissible under traditional notions of fair play and substantial justice.

13. Venue is proper in this forum pursuant to 28 U.S.C. §1391 because a substantial part of the practices complained of herein occurred in the Southern District of Florida. Further, at all times material to the allegations contained in this Complaint, Defendants personally and/or through an agent:

> a. Operated, conducted, engaged in, and carried on a business venture in the Southern District of Florida or had an office or agency in the Southern District of Florida; and/or
>
> b. Engaged in substantial activity within this State and district.

14. All conditions precedent to this action have occurred, been performed, or have been waived.

## FACTUAL ALLEGATIONS

15. Carnival is "The World's Most Popular Cruise Line" with 24 ships operating 3 to 16-day voyages around the world. Carnival carries nearly 11 million passengers ever year to ports world-wide.

16. Fathom is the newest brand in the Carnival family and is a subsidiary of Carnival. The Fathom cruise line is scheduled to depart on May 1, 2016 from the Miami port to Cuba.

17. In April 2016, Plaintiffs Amparo Sanchez and Francisco Marty each contacted Fathom Travel separately to make a reservation on the Carnival cruise line, Fathom, to travel to Cuba.

18. Due to Plaintiffs' heavy accents, the Fathom representatives asked Plaintiffs for their country of national origin.

19. Plaintiffs proceeded to tell the Fathom representatives that they are of Cuban national origin.

20. In response, the Fathom representatives explained to Plaintiffs that they could not have a reservation on the Fathom cruise line because they were Cuban Nationals.

21. The Fathom representatives proceeded to explain to Plaintiffs that Carnival has been "working on the issue for months" and did not want to lose the loyalty of their customers.

22. In Fathom's website, one of the frequently asked questions (FAQs) is: "Are Cuban-born U.S. Citizens and/or residents able to participate in a Fathom Cruise with valid U.S. and Cuban passports?" Fathom's response is:

> Unfortunately, the Cuban government has a longstanding regulation that prohibit Cuban-born individuals traveling from anywhere in the world to and from Cuba by ship. This regulation applies to all cruise lines, ferries and any form of shipping planning to travel to and from Cuba.
>
> Of course, it is Carnival's policy to obey the regulations and laws of the

4

countries we sail to around the world. However, we have requested a reconsideration of this particular regulation especially as it relates to cruise travelers.

We understand and empathize with the concerns being voiced and will continue to work the issue with Cuban officials. It is our hope and intention that we will be able to travel with everyone.

*About Fathom in Cuba*, FATHOM TRAVEL, https://www.fathom.org/cuba-faq/ (last visited Apr. 12, 2016).

23. Carnival and Fathom have adopted a policy to support Cuba's boycott of Cuban-born individuals from traveling to and from Cuba by ship.

24. As a result of Defendants' discriminatory practices, Plaintiffs and the Class have been denied the full enjoyment of Defendants' place of public accommodation while being discriminated on the ground of national origin.

## CLASS ACTION ALLEGATIONS

### A. Class Definition

25. Plaintiffs bring this action against Defendants pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all other persons similar situated. Plaintiffs seek certification of the Nationwide Class, defined as follows:

> All individuals in the United States born in Cuba that were denied a reservation through Carnival or Fathom cruise lines for travel by ship to Cuba after June 1, 2015 up to and including the present (the "Class").

26. Plaintiffs reserve the right to modify or amend the definition of the proposed class before the Court determines whether certification is appropriate.

27. Defendants subjected Plaintiffs and the respective Class members to the same discrimination and harmed them in the same manner.

### B. Numerosity

28. The proposed Class is so numerous that joinder of all members would be

impracticable. Defendants sell (or refuse to sell) thousands of cruise line reservations nationwide. The individual Class members are ascertainable, as the names and addresses of all class members can be identified in the business records maintained by Defendants. The precise number of Class members for the Class is at least in the thousands and can only be obtained through discovery, but the numbers are clearly more than can be consolidated in one complaint such that it would be impractical for each member to bring suit individually. Plaintiffs do not anticipate any difficulties in the management of the action as a class action.

C. **Commonality**

29. There are questions of law and fact that are common to Plaintiffs and Class members' claims. These common questions of law and fact predominate over any questions affecting only individual members of the Class. Such questions include, but are not limited to, the following:

    a. Whether Defendants' cruise line is a "public accommodation" pursuant to 42 U.S.C. § 2000a;

    b. Whether Defendants have a policy of refusing Cuban-born individuals reservations on the Fathom cruise line on the ground of national origin;

    c. Whether Defendants' policy violates Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a; and

    d. Whether injunctive relief is appropriate to prevent Defendants from continuing to engage in their unlawful and discriminatory conduct.

D. **Typicality**

30. Plaintiffs are members of the Class they seek to represent. Plaintiffs' claims are typical of the Class's claims because of the similarity, uniformity, and common purpose of the

Defendants' unlawful and discriminatory conduct. Class members were denied access to board the Fathom cruise line and sustained the same injury arising out of Defendants' common course of conduct. Each Class member has sustained, and will continue to sustain, damages in the same manner as Plaintiffs as a result of Defendants' wrongful conduct.

### E. Adequacy of Representation

31. Plaintiffs are adequate representatives of the Class they seek to represent and will fairly and adequately protect the interests of the Class. Plaintiffs have retained competent counsel, experienced in litigation of this nature, to represent them. There is no hostility between Plaintiffs and the unnamed Class members. Plaintiffs anticipate no difficulty in the management of this litigation as a class action.

32. To prosecute this case, Plaintiffs have chosen the undersigned law firms, which are very experienced in class action litigation and have the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

### F. Requirements of Fed. R. Civ. P. 23(b)(3)

33. The questions of law or fact common to Plaintiffs and each Class member's claims predominate over any questions of law or fact affecting only individual members of the Class.

34. Common issues predominate when, as here, liability can be determined on a class-wide basis.

35. When determining whether common questions predominate, courts focus on the liability issue, and if the liability issue is common to the class as is the case at bar, common questions will be held to predominate over individual questions.

### G. Superiority

36. A class action is superior to individual actions in part because of the non-exhaustive factors listed below:

    a. Joinder of all class members would create extreme hardship and inconvenience for the affected customers as they reside all across the states;

    b. Individual claims by class members are impractical because the costs to pursue individual claims exceed the value of what any one class member has at stake. As a result, individual class members have no interest in prosecuting and controlling separate actions;

    c. There are no known individual class members who are interested in individually controlling the prosecution of separate actions;

    d. The interests of justice will be well served by resolving the common disputes of potential class members in one forum;

    e. Individual suits would not be cost effective or economically maintainable as individual actions; and

    f. The action is manageable as a class action.

### H. Requirements of Fed. R. Civ. P. 23(b)(2)

37. Defendants have acted or refused to act in a manner generally applicable to the class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

38. Defendants' wrongful conduct and discriminatory practice, if not enjoined, will subject Class members and other members of the public to substantial continuing harm and will cause irreparable injuries to class members and members of the public who are damaged by Defendants' conduct.

## COUNT I

## VIOLATION OF 42 U.S.C. § 2000A
## (TITLE II OF THE CIVIL RIGHTS ACT OF 1964)
## (On behalf of the Nationwide Class)

Plaintiffs re-allege and incorporate paragraphs 1 - 38 above as if fully set forth herein and further allege as follows:

39. This is a claim for an injunction for violations of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a – § 2000a-6(b).

40. 42 U.S.C. § 2000a, *et seq.*, prohibits discrimination and segregation in places of accommodation. Section 2000a(a) states: "All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin."

41. A place of accommodation, as defined by 42 USC 2000a, includes, among other things, "any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than establishment located with a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence." 42 USC § 2000a(b)(1).

42. Fathom cruise lines are places of public accommodation as defined under Section 2000a. Fathom is an establishment which provides lodging to transient guests.

43. Each Plaintiff and Class member is a member of a protected class.

44. Each Plaintiff and Class member attempted to contract for services with Defendants and to afford themselves the full benefits and enjoyment of a public accommodation – Fathom cruise lines.

45. Each Plaintiff and Class member was denied the right to contract for those services with Defendants and, thus, were denied those benefits and enjoyments.

46. Plaintiffs and Class members were denied access to a place of accommodation – Defendants' cruise ships, on the basis of discriminatory acts by Defendants.

47. Similarly situated persons who are not members of the protected class received full benefits or enjoyment, or were treated better. Namely, non-Cuban Nationals are freely allowed to make reservations with Fathom cruise lines to travel to and from Cuba.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated, respectfully demand a judgment enjoining Defendants' conduct, awarding costs for this proceeding and attorneys' fees pursuant to 42 USC §2000a-3(b), and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs and the Class request a jury trial for all issues which a trial by jury is permitted by law.

Dated: April 12, 2016.

Respectfully submitted,

Thomas A. Tucker Ronzetti, Esq.
Florida Bar No. 965723
tr@kttlaw.com
Javier A. Lopez, Esq.
Florida Bar No. 16727
jal@kttlaw.com
Stephanie Moncada Gomez, Esq.
Florida Bar No. 112095
sgomez@kttlaw.com
**KOZYAK TROPIN & THROCKMORTON, LLP**
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800

Facsimile: (305) 372-3508

-and-

/s/ Robert W. Rodriguez
Robert W. Rodriguez, Esq.
Florida Bar No. 856975
robertwrodriguez@gmail.com
**ROBERT W. RODRIGUEZ, P.A.**
5001 SW 74th Court, Suite 105
Miami, Florida 33155

*Attorneys for Plaintiffs*